UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORNELL GOODWIN, SR.,

    Plaintiff,

  v.

SCA OF MO,

    Defendant.

Case No. 25-cv-01971-JPG

**MEMORANDUM AND ORDER**

    This case is before the Court on Plaintiff Cornell Goodwin's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

    The Court does not have enough information to determine whether Plaintiff is indigent. In his motion, Plaintiff states that he makes $17.00 per hour. However, he does not provide the Court with any information about the amount of money that he has in cash or in a bank account

or about his debts and financial obligations. Due to the limited information provided in the motion, the Court cannot conclude that Plaintiff is unable to pay the filing fee.

In addition, the Court finds that Plaintiff fails to state a claim. Plaintiff's complaint appears to assert two claims against Defendant SCA of MO. His first claim alleges that Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, by terminating his employment based on age. Plaintiff fails to state a claim under the ADEA. The Act makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must allege that his employer instituted an adverse employment action against him because of his age. *See Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, No 13 C 1706, 2013 WL 6730885, at *7 (N.D. Ill. Dec. 20, 2013). The prohibitions in the Act are "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Plaintiff's ADEA claim fails for two reasons. First, in his statement of facts, Plaintiff alleges that "Emma called [him] and accused [him] of stealing gas from the company[.] [S]he showed no proof of the accusation that was made and wrongfully terminated [him]." This statement of facts does not allege that Plaintiff was fired based on his age. Second, Plaintiff states that he was born in 1992. Accordingly, he is under the age of 40 and is not covered by the prohibitions in the Act.

His second claim is that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, by terminating his employment based on race and color. Plaintiff fails to state a claim under Title VII. The Act makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

2

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). For a plaintiff to state a claim under Title VII, he must allege that the defendant terminated his employment because of his protected characteristic. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say"). As discussed above, Plaintiff's statement of facts alleges that he was fired because he was accused of stealing gas. In other words, it does not allege that he was fired because of his race or color. As such, he has failed to state a claim under Title VII.

Plaintiff has not provided sufficient information for the Court to determine that he is indigent and has failed to state a claim under the ADEA and Title VII. Therefore, the Court DENIES Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) and DISMIISSES the Complaint (Doc. 1) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Plaintiff shall have up to and including December 4, 2025, to file an amended complaint and a new motion to proceed *in forma pauperis*. The Court DIRECTS the Clerk of Court to send Plaintiff a blank employment discrimination complaint and motion to proceed *in forma pauperis* along with this order.

**IT IS SO ORDERED.**
**DATED**:   **November 4, 2025**

                                                      s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **United States District Judge**