UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORNELL GOODWIN, SR.,

        Plaintiff,

      v.                             Case No. 25-cv-01971-JPG

SCA OF MO,

        Defendant.

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Cornell Goodwin's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 19). This is Plaintiff's second attempt to proceed without pre-payment of fees. His first was denied in a Memorandum and Order dated November 5, 2025 (Doc. 12). In that order, the Court found that Plaintiff did not provide enough information for it to determine whether he is indigent and failed to state a claim under the ADEA or Title VII. Therefore, it denied his motion to proceed *in forma pauperis* (Doc. 2), dismissed his complaint (Doc. 1), and gave him until December 4, 2025, to file an amended complaint and new motion. The Court later extended the deadline to February 9, 2026. Plaintiff filed both on February 5, 2026.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that he fails to state a claim. Plaintiff's complaint attempts to assert a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant SCA of MO for terminating his employment based on race. Title VII makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). For a plaintiff to state a claim under Title VII, he must allege that the defendant terminated his employment because of his protected characteristic. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say").

In the amended complaint, Plaintiff alleges that he was fired for stealing gas without any evidence, documentation, or warning. He explains that, during the phone call when he was fired, his manager Emma stated that people from the area where he lived, who also worked for the company, were stealing gas. He says this statement connected the accusation to his place of residence rather than any proven conduct. He feels that the statement was offensive and discriminatory. These facts are not sufficient to state a claim under Title VII. Place of residence is not a protected characteristic, and Plaintiff makes no allegations that connect his place of residence to his race. Since Plaintiff has not alleged that he was fired because of his race (or any other protected characteristic), he has failed to state a claim under Title VII.

The Court is satisfied that Plaintiff is indigent but finds that he fails to state a claim under Title VII. Therefore, the Court RESERVES RULING on the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 19) and DISMIISSES the Amended Complaint (Doc. 18) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Plaintiff shall have up to and including April 3, 2026, to file a second amended complaint. The Court WARNS Plaintiff that this will be his final opportunity to amend his complaint to state a claim under Title VII. It DIRECTS the Clerk of Court to send Plaintiff a blank employment discrimination complaint along with this order.

**IT IS SO ORDERED.**
**DATED**: **March 4, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3